Argued April 9, affirmed April 30, 1965

STATE OF OREGON EX REL CAMERON *v.*
VAN DRIMMELEN

401 P. 2d 298

*Robert G. Chidester,* Portland, argued the cause and filed briefs for appellant.

*Clarence R. Kruger,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and E. Nordyke, Assistant Attorney General, Salem.

Before McAllister, Chief Justice, and Perry, O'Connell and Denecke, Justices.

DENECKE, J.

The Circuit Court for Clatsop County held defendant Kirby Company of Astoria in contempt for failure to comply with a subpoena duces tecum of the Commissioner of the Department of Employment. ORS 657.635.

The subpoena, based upon ORS 657.630(3), provided:

"FURTHER, you are commanded to bring with you at said time and place all contracts, ledgers, journals, payrolls, time books, cancelled checks, check stubs, bank statements, books of account and any other documents of any description or nature used in your business and relating to or bearing upon or containing evidence of the persons, including solicitors and salesmen, performing services for you in the conduct of your business, showing the various and respective amounts of money or other remuneration paid on account of such services, whether upon a wage or salary basis, on a piece or time basis, or on a percentage, profit or commission basis between January 1, 1962, and May 30, 1964, and the period or periods of time during which each of said persons have been employed by

and/or have performed services for you, which services resulted in payments of remuneration between January 1, 1962, and May 30, 1964."

It was issued as part of an investigation to determine whether services performed for defendant by certain persons were "employment" within the meaning of the Unemployment Compensation Act. The defense is that, in another case, the Circuit Court for Marion County has previously held that persons allegedly performing identical services for the Kirby Company of Salem were not "employees." (Kirby Company of Salem is an entirely separate business entity.) Therefore, as this question has been judicially decided, the Commissioner has no authority to make a determination that services performed for defendant constitute "employment" and thus has no authority to issue a subpoena in aid of an investigation of such issue.

■ The judgment of contempt is affirmed. Whether the services performed for defendant are identical to those performed for the Kirby Company of Salem; and whether, if they are identical, the prior decision collaterally estops the Department of Employment on said issue are questions to be determined upon judicial review of the Commissioner's determination, and are not properly raised as defense to a subpoena.

■ Defendant also contends that the subpoena is an attempt to commit an unreasonable search and seizure in violation of Art I, § 9, of the Oregon Constitution and the fourth amendment of the United States Constitution, because it is not reasonably particular in its description of the records to be produced. We hold to the contrary. *Pope & Talbot, Inc. v. State Tax Com.,* 216 Or 605, 614-616, 340 P2d 960 (1959).

Affirmed.